**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Foothills Property Management, et al., | ) | No. CV-08-8037-PCT-MHM |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| City of Sedona, et al., | ) ) | |
| Defendant. | ) ) ) | |

Currently pending before the Court is Plaintiffs' Motion for Leave to File and Amended Complaint. (Dkt.#30.) After reviewing the record and determining oral argument unnecessary, the Court issues the following Order.

**I.     Background**

The facts of the case are as follows: on March 26, 2008, Defendant removed this action to the United States District Court. In their Complaint, Plaintiffs initially contended (1) that Sedona's City Code and Ordinance constitutes a taking under the Fifth Amendments to the United States Constitution and Art. 2, § 17 of the Arizona Constitution; (2) that the City Code and Ordinance violate Plaintiffs' substantive due process rights under the Fourteenth Amendments to the United States Constitution and Art. 2, § 4 of the Arizona Constitution; (3) that the City Code and Ordinance violate Plaintiffs' rights to equal protection under the Fourteenth Amendment to the United States Constitution and Art. 2, §

13 of the Arizona Constitution; and (4) that Defendant should be estopped from enforcing the City Code and Ordinance since the prohibition on short-term rentals was, until recently, unenforced and statements, relied on by Plaintiffs, were allegedly made by city employees that the prohibition would not be enforced. On November 26, 2008, this Court issued an Order dismissing Plaintiffs' federal takings claim as unripe pursuant to the Supreme Court's ruling in Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985). At the same time, the Court retained jurisdiction over Plaintiffs' remaining federal substantive due process and equal protection claims as federal questions, while also retaining supplemental jurisdiction over Plaintiffs state based causes of action.

On November 3, 2008, Plaintiffs filed a second complaint against the City of Sedona in the Superior Court of the State of Arizona, in and for the County of Coconino. Count I of that complaint asserts a takings claim under the Arizona Constitution. Count II alleges violations of the equal protection, due process, contracts, and free speech clauses of the Arizona Constitution. Count III asserts a statutory claim for just compensation under the Arizona Private Property Rights Protection Act, A.R.S. § 12-1131, et seq. Because this Court had already assumed supplemental jurisdiction over the state constitutional claims alleged in Count II of the state court action, Sedona moved for a stay of Count II in the superior court, which was granted on April 17, 2009. However, Sedona did not move for a stay of Counts I or III, due to this Court's November 24, 2008 Order, which held that Plaintiffs' federal takings claim was unripe under the Williamson County doctrine because Plaintiffs had not yet been denied just compensation by the state.

On April 28, 2009, Plaintiffs moved this Court for leave to amend their Complaint to add Counts I and III from their state lawsuit to the instant federal action. (See Dkt. #30, Ex. A at ¶¶ 84-99 (Plaintiffs' proposed amended complaint, adding takings claim under Arizona Constitution as Count VI and statutory claim for just compensation as Count VII)).

**II.    Legal Framework**

Once a responsive pleading has been filed, the Federal Rules of Civil Procedure provide that parties may amend a pleading,"only by leave of the court or by written consent

1  of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ.
2  P. 15(a). Court's apply Rule 15(a) with "extreme liberality." Eminence Capital, LLC v.
3  Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). Meaning, there is a strong presumption
4  in favor of granting a party leave to amend. See id. at 1052. In determining the propriety of
5  a motion for leave to amend, courts consider five factors. Manzarek v. St. Paul Fire & Ins.
6  Co., 519 F.3d 1025, 1034 (9th Cir. 2008). These factors include (1) bad faith on the part of
7  the moving party; (2) undue delay; (3) prejudice to the non-moving party; (4) whether the
8  moving party has previously amended his complaint; and (5) the apparent futility of any
9  proposed amendment. DCD Programs, Ltd. V. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).
10 The Ninth Circuit has instructed that this "determination should generally be performed with
11 all inferences in favor of granting the motion." Griggs v. Pace Amer. Group, Inc., 170 F.3d
12 877, 880 (9th Cir. 1999).

**III.  Analysis**

Although courts are generally liberal in granting leave to amend pleadings, there is no justification for Plaintiffs amending their Complaint so that they can simultaneously pursue the same state law claims against Sedona in two different courts. Such a result wastes the resources of the courts and the parties and runs counter to the Supreme Court's holding in Williamson County. Accordingly, because Plaintiffs' state constitutional and statutory claims for just compensation are already pending in the superior court, Plaintiffs cannot be allowed to amend their Complaint to assert identical claims here.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiffs' Motion for Leave to Amend Complaint. (Dkt.#30.)

DATED this 28th day of July, 2009.

_____
Mary H. Murguia
United States District Judge